**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED

00 JUL 24 PM 3: 26

CLERK U.S. DISTRICT OF FLORIDA
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

      CIVIL ACTION NO. 8:00CV1507-T-27 F

WILLIAM R. DEMARIA, JR.,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, United States of America, through Donna A. Bucella, United States Attorney for the Middle District of Florida, and her undersigned Assistant United States Attorney, and sues Defendant William R. DeMaria, Jr.,("DeMaria") and alleges as follows:

## INTRODUCTION

1.     This is an action brought by the United States, on behalf of its agencies, the Department of Health and Human Services and the Department of Defense for treble damages and civil penalties under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733, and in the alternative, for money damages and common law fraud and unjust enrichment and payment by mistake of fact, due as a result of Defendant's submitting, and/or causing to be submitted, false and fraudulent hospital cost reports, records, statements and claims for payment by the United States.

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 31 U.S.C. § 3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

3.      This Court has personal jurisdiction over defendant DeMaria pursuant to 31 U.S.C. § 3732(a). Personal jurisdiction is proper over DeMaria as he is a person who transacted business within this Court's jurisdiction and who has committed acts in violation of 31 U.S.C. § 3729 within this district as further described in paragraphs 5 through 7 below.

4.      Venue lies in the Middle District of Florida under 31 U.S.C. § 3732(a) as the place where the false and fraudulent hospital cost report claims arose as further described in paragraphs 5 through 7 below.

## THE PARTIES

5.      Plaintiff is the United States of America ("United States") on behalf of its agencies, the Department of Health and Human Services ("HHS") and the Department of Defense ("DOD"). At all times relevant to this complaint, HHS and DOD were agencies of the plaintiff, United States. The Health Care Financing Administration (hereinafter referred to as "HCFA") was the component agency of HHS which administers and supervises the Medicare program. The Department of Defense through the TRICARE Management Activity (TMA) administers the TRICARE Program (also known as the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS")). At all times relevant to this complaint, HHS, through HCFA,

- 2 -

administered the Medicare Part A Program in the State of Florida through Blue Cross/Blue Shield, located at P. O. Box 45087, Jacksonville, Florida 32231.

6.      The TMA was administered through its TRICARE regional contractors.

7.      Defendant DeMaria currently resides in Florida and conducted business transactions in both New Jersey and in Florida during the relevant time period 1990 through 1995.

8.      At all times relevant to this complaint, Defendant DeMaria would buy psychiatric and substance abuse patient referrals and sell those patient referrals to in-patient treatment facilities located within the State of Florida and others.  The following list represents, in part, the in-patient treatment facilities located within the State of Florida, and located specifically within the Middle District of Florida:  Heritage Gulf Shores Institute, Beverly Hills and Melbourne, Florida (hereinafter Heritage Hospital); The Manors Psychiatric Hospital (The Manors), Tarpon Springs, Florida; University Behavioral Center, Orlando, Florida; Suncoast Hospital, Largo, Florida and  Palmview Hospital, Lakeland, Florida.

## THE MEDICARE AND TRICARE PROGRAMS

9.      Plaintiff, the United States of America, through HHS, administers the Supplementary Medical Insurance Program for the Aged and Disabled established in 1965 by Title XVIII, of the Social Security Act under 42 U.S.C. §§ 1395, et seq.  HHS has delegated the administration of the Medicare Program to its component agency, HCFA.

10.     The Medicare program is comprised of two parts.  The first part, hospital insurance or Part A , covers services furnished to beneficiaries by providers, i.e.,

- 3 -

hospitals, nursing homes, home health agencies and skilled nursing facilities. The second part, supplementary medical insurance or Medicare Part B, covers a wide range of medical services and supplies which include physician services, outpatient hospital services, diagnostic laboratory services, x-rays, ambulance services and durable medical equipment.

11.     Reimbursement for Medicare claims is made by the United States through HHS. HHS, through HCFA, assigns the task of paying Part A and Part B claims from the Medicare Trust Fund through private insurance "fiscal intermediaries" and "carriers" under 42 U.S.C. § 1395u.

12.     At all times relevant to this complaint, HHS, through HCFA, administered the Medicare Part A Program in the State of Florida through its "fiscal intermediary", Blue Cross/Blue Shield of Florida. Blue Cross/Blue Shield of Florida made payment on those claims submitted, or caused to be submitted, by defendant DeMaria for Medicare reimbursement.

13.     Plaintiff, through TMA, administers TRICARE (Champus),  a field activity of the Office of Secretary of Defense. TRICARE provides civilian medical benefits to specified categories of individuals who are qualified for those benefits by virtue of their relationship to one of the seven Uniformed Services, including retirees, their dependants, and dependants of active-duty personnel. 10 U.S.C.
§§ 1079, 1086; 32 C.F.R. part 199.

14.     Congress funds the Department of Defense TRICARE (Champus) program through appropriated funds. 10 U.S.C. § 1100. These funds are further disbursed by fiscal intermediaries and managed care contractors under contracts

- 4 -

negotiated by the Director solely to review and pay TRICARE claims. 32 C.F.R. §
199.1(e)

15.     At all times relevant to this Complaint, TRICARE made payment on those
claims submitted, or caused to be submitted, by defendant DeMaria for TRICARE
reimbursement through its regional contractors.

### GENERAL ALLEGATIONS

16.     During the relevant period the defendant, William R. DeMaria, Jr., was not
a counselor or other type of mental health or substance abuse care professional, nor
was he licensed as such.  DeMaria was an entrepreneur who did not render any health
care service or therapy.

17.     At all times relevant to this Complaint, defendant DeMaria would buy
psychiatric and substance abuse patient referrals and sell those patient referrals to in-
patient facilities (psychiatric hospitals) located within the State of Florida and others,
and located specifically within the Middle District of Florida.

18.     Beginning in 1990 and continuing through 1995, DeMaria and associates
were patient brokers based in New Jersey and Florida.

19.     During 1993 through 1995, DeMaria participated with others in arranging a
patient referral deal with the owner of Heritage Hospital, located in Beverly Hills and
Melbourne, Florida.  DeMaria and associates had themselves and others placed on the
Heritage Hospital's payroll.   DeMaria and associates and others never worked at the
hospital and skimmed about $360,000 per year to themselves through Heritage
Hospital's payroll, where they would falsely portray expenses of the hospital which were
reimbursable by Medicare.

- 5 -

20.     In or about August 1994, DeMaria and associates negotiated a patient brokering deal with an individual at Anclote Psychiatric Hospital, Ltd. (The Manors) located in Tarpon Springs, Florida.   DeMaria and associates created a company called CareOptions for the deal with The Manors.  The arrangement continued until October 1995 and the Manors paid CareOptions over $1.7 million through the described relationship.  DeMaria and associates disguised payments to CareOptions as management fees in false written agreements.  The false agreements allowed the hospital to defraud Medicare and TRICARE by portraying illegal patient referral fees as government reimbursable costs.

21.     DeMaria and associates authorized bribes and kickbacks from CareOptions to a variety of brokers and referral sources for Medicare and TRICARE patient referrals.

22.     Plaintiff, the United States, contends the claims were false because they were presented with the defendant's knowledge that at the time said claims were made, the claims were the direct and desired result of defendant's active engagement in submitting false and fraudulent claims, and/or causing the submission of false and fraudulent claims for services not rendered, in order to disguise illegal payments for patient referral fees and kickbacks as government reimbursable costs.  Plaintiff contends that because the defendant knowingly concealed his activities from the United States in general, and the Blue Cross/Blue Shield of Florida fiscal intermediary and the TRICARE regional contractors, in particular, knowing that had HHS or DOD known of the defendant's active engagement in submitting or causing to be submitted false and fraudulent claims for services not rendered, in order to disguise illegal payments for

- 6 -

patient referral fees and kickbacks , HHS and DOD would have denied any and all claims submitted or caused to be submitted by defendant DeMaria.

.      23.      Plaintiff contends that when the Defendant hid his illegal activities and submitted, or caused to be submitted, the claims set forth in the paragraphs above to a fiscal intermediary of HHS and/or DOD,  with knowledge or reckless disregard of the fact they were not in compliance with the relevant statutes, rules, and regulations, the Defendant presented, or caused to be presented, said claims with actual knowledge of the falsity of the claims, or in deliberate ignorance or reckless disregard of the truth or falsity of the information represented in said claims.

24.      Under the False Claims Act, the United States is entitled to treble damages and for civil penalties of between $5,000 and $10,000 for each false claim submitted.

## COUNT ONE
## Substantive Violations of the False Claims Act
### (31 U.S.C. §§ 3729 (a)(1) and (a)(2))

25.      The United States realleges and incorporates by reference all preceding paragraphs of this Complaint as though more fully set forth herein.

26.      This is a claim for treble damages and civil penalties of $10,000 for each violation of the False Claims Act, 31 U.S.C. §§ 3729-3732, as amended.

27.      Through the acts described above, during the period in or about 1990 through 1995 in the Middle District of Florida, the Defendant and his agents knowingly presented, or caused to be presented, to the United States through its Medicare and TRICARE program, false and fraudulent hospital cost reports, claims, records and

statements in order to obtain reimbursement under the Medicare and TRICARE programs.

28.     The underlying conduct which resulted in these false cost reports, claims, records and statements includes, but is not limited to, the submission, and/or causing the submission of,  Medicare and TRICARE hospital cost reports, which included material false and fraudulent statements, records and claims for expenses not incurred and services not rendered.  Through the submission of false and fraudulent costs  for "management fees" and false and fraudulent costs for payroll deductions and/ or "ghost" employees, expenses were created which were used to disguise the illegal payments for patient referral fees and kickbacks as government reimbursable costs..

29.     By reason of the false and fraudulent hospital cost reports, records, statements, and claims submitted, or caused to be submitted, by the Defendant, the United States has been damaged by a significant amount.

## COUNT TWO
## UNJUST ENRICHMENT

30.     The United States realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

31.     This is an action brought by the United States in equity against defendant William R. DeMaria, Jr., for unjust enrichment on the grounds that in performing the acts hereinbefore set out that the defendant and others were paid or received monies by and through the Medicare and TRICARE programs for which the United States received no benefit and to which the defendant was not entitled.

- 8 -

32.     As a result of engaging in the foregoing conduct described above, William R. DeMaria, Jr., has been unjustly enriched by a significant amount, where equity requires the Defendant to repay the United States those amounts of Medicare and TRICARE benefits paid to or on account of the Defendant for the period covering January 1, 1990 and through December 1995, and to which the Defendant was not entitled under applicable law and regulations.

## COUNT THREE
## PAYMENT BY MISTAKE OF FACT

33.     The United States realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

34.     This is a claim for the recovery of monies paid by the United States and received by the defendant and others as a result of mistaken understanding of fact.

35.     The false claims which the defendant submitted or caused to be submitted to the United States were based upon mistaken or erroneous understandings of material fact.

36.     The United States, acting in reasonable reliance on the accuracy and truthfulness of the information contained in the claims, paid or caused to be paid to the defendant and others certain sums of money, which should not have been paid, and the defendant is thus liable to account and pay such amounts, which are to be determined at trial, to the United States.

- 9 -

## COUNT FOUR
## COMMON LAW FRAUD

37.    The United States realleges and incorporates by reference all preceding

paragraphs of this Complaint as though fully set forth herein.

38.    As a result of engaging in the foregoing conduct, through the acts

described above and otherwise, William R. DeMaria, Jr., has engaged in a pattern and

practice of fraudulently billing or causing to be billed, false and fraudulent hospital cost

reports, records, statements and claims to the Medicare and TRICARE programs.  The

Defendant knew, or should have known, that these representations were false and the

Defendant made them anyway, intending to induce Medicare and TRICARE to rely on

them in paying hospital cost report claims submitted, or caused to be submitted, by the

Defendant.  Medicare and TRICARE relied upon the Defendant's materially false and

fraudulent representations, and as a result, the United States has been damaged by a

significant amount.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully prays for judgment in its favor as

follows:

1.    On <u>Count One</u> (False Claim Act) against William R. DeMaria, Jr., for civil

penalties of not less than $5,000 and not more than $10,000 for each violation of the

False Claims Act, plus triple the amount of damages which the United States sustained

because of the acts of the Defendant, and fees and costs allowable under the False

Claims Act, as amended;

2.      On <u>Counts Two and Three</u> (Unjust Enrichment and Payment Under Mistake of Fact) against William R. DeMaria, Jr., for damages, together with punitive damages, costs and interest;

3.      On <u>Count Four</u> (Common Law Fraud) against William R. DeMaria, Jr., for damages, together with punitive damages, costs and interest;

4.      And for all other and further relief as the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

The United States hereby demands that this matter be tried before a jury.

Respectfully submitted,.

**DONNA A. BUCELLA**
United States Attorney

By:

**WHITNEY L. SCHMIDT**
Affirmative Civil Enforcement Coordinator
Assistant United States Attorney
Florida Bar No. 0337129
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6332
Facsimile:  (813) 274-6198